Ismael **GARCIA–ORTEGA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE**, Respondent.

No. 88–4417
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 1989.

Albert Armendariz, Sr., El Paso, Tex., for petitioner.

Alice M. Smith, Jane A. Williams, Edwin Meese, III, Atty. Gen., U.S. Dept. of Justice, Robert L. Bombaugh, Civ. Div., Richard M. Evans, Robert Kendall, Jr., Washington, D.C., for respondent.

A.H. Giugni, District Director, El Paso, Tex., John B.Z. Caplinger, District Director, I.N.S., New Orleans, La., for other interested parties.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An alien who has been ordered deported seeks relief on the basis that he should not be deprived of the opportunity to seek legalization under the Immigration Reform and Control Act of 1986. Whether or not he is eligible for legalization, he seeks relief in the wrong forum. Moreover, his allegations demonstrate his ineligibility. Accordingly, we affirm the deportation order.

Ismael Garcia Ortega, a Mexican native and citizen, entered the United States illegally five or more years ago. The Immigration and Naturalization Service contends he entered on June 1, 1983, while Garcia contends he entered before January 1, 1982. If he did enter at the earlier date, Garcia will have resided in the United States for more than the time required to qualify for legalization under the Immigration Reform and Control Act of 1986.[1]

In 1983, the INS gave Garcia a notice of hearing and ordered him to show cause why he should not be deported for having entered the United States without inspection.[2] A few days after this notice, Garcia was indicted by a federal district court in New Mexico for the felony of smuggling aliens.[3] He pleaded guilty and was sentenced to 18 months in prison. Garcia's deportation proceedings were postponed a total of 7 times, until December 21, 1987, when they finally commenced. Represented by counsel, Garcia conceded deportability without testifying. He moved, however, to abate the proceedings, contending that he was eligible for adjustment of status pursuant to the 1986 Act. He contended that he had attempted to submit a legalization application to the INS, but the Service had rejected his application because he was ineligible for legalization.

1. 8 U.S.C. § 1255a(a)(2)(A).

2. 8 U.S.C. § 1251(a)(2).

3. 8 U.S.C. § 1324.

While he later conceded that he was statutorily ineligible for legalization under 8 U.S.C. § 1255a, Garcia contends that "only the legalization arm" of the INS can determine what constitutes prima facie validity of an application for legalization and no such determination has yet been made. Garcia asserts that he, therefore, has a right to file his application and to be protected against deportation in the interim.

The Immigration Judge decided that the Immigration Court lacked jurisdiction both to consider the legalization application and to grant a waiver of ineligibility. The Board of Immigration Appeals affirmed, noting that Garcia was not without remedy: he could petition the INS for a waiver of ineligibility. Apparently Garcia has not done so.

■ The decision of the Board was correct. The 1986 Act[4] and the related regulations[5] establish the exclusive procedure for the submission and adjudication of a legalization petition. The application must be filed with a "qualified designated entity" or with an INS legalization office.[6]

8 U.S.C. § 1255a(f) provides:

There shall be no administrative *or judicial* review of a determination respecting an application for adjustment of status under this section except in accordance with this subsection. (emphasis added).

It further provides:

The Attorney General shall establish an appellate authority to provide for a *single* level of administrative appellate review of a determination [of a legalization application].[7] (emphasis added)

An adverse decision is appealable only to the INS Associate Commissioner responsible for the Examinations Section. Although designated in the applicable regulations as an appeal to the "Administrative Appeals Unit,"[8] such an appeal is common-ly referred to as an appeal to the Legalization Appeals Unit of the INS. Appeals must be taken within thirty days of the adverse adjudication.[9]

■ Garcia's derivative attempt to obtain a waiver of excludability was also a matter over which the Immigration Judge, and hence the Board, had no jurisdiction. As Garcia concedes in his brief, "only the legalization arm of the Immigration and Naturalization Service can determine what constitutes a prima facie application for legalization." The powers of administrative judges under the Board are determined by statute or delegation of authority from the Attorney General.[10] We can find in them no authority, nor does Garcia cite any, for an Immigration Judge or the Board to award the type of discretionary relief sought by Garcia.

■ In effect, Garcia seeks review of the refusal of the INS to accept his legalization application. Assuming arguendo, though with little basis, that an alien has a right to present such an application and that the refusal of the INS to accept the application is reviewable by the district court, we find no prejudice. His felony conviction constituted an absolute bar to legalization under the 1986 Act, which provides:

*"Grounds [of exclusion] that may not be waived*

The . following provisions of section 1182(a) of this title may not be waived by the Attorney General under clause (i): (I) Paragraphs (9) and (10) (relating to criminals); . . ."[11]

■ Garcia cites no provision of the Act, and we are aware of none, that requires the INS to accept a legalization application that patently lacks merit. While we do not condone the action of a government employee in refusing to accept a document

---

4. 8 U.S.C. § 1255a.

5. 8 C.F.R. §§ 245a.1 et seq. (1988).

6. 8 U.S.C. § 1255a(c); 8 C.F.R. § 245a.2(e).

7. 8 U.S.C. § 1255a(f)(3)(A).

8. 8 C.F.R. § 242a.2(p).

9. 8 C.F.R. § 242a.2(p).

10. *See* 8 U.S.C. §§ 1103, 1252(b).

11. 8 U.S.C. § 1255a(d)(2)(B)(ii)(I); *see also* 8 C.F.R. § 245a.2(c)(3); 8 U.S.C. § 1182(a)(9) and (10).

that an applicant seeks to file, Garcia can show no prejudice as a result of the rejection of his papers.

For these reasons the judgment is AFFIRMED.