5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tamavua TOELUPE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-70045.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 16, 1993.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Abe-yfp-qtg.
 
 BIA
 
 2
 AFFIRMED.
 
 
 3
 Before: D.W. NELSON and NORRIS, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 This is a deportation case. Petitioner Tamavua Toelupe, a native and citizen of Western Samoa, appeals from the Board of Immigration Appeals' affirmance of an immigration judge's decision finding him deportable for overstaying his temporary visa and for failing to maintain nonimmigrant status, and denying his application for voluntary departure. We have jurisdiction pursuant to Sec. 106(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1105a(a)(1). WE AFFIRM.
 
 I. Background
 
 6
 Petitioner Tamavua Toelupe is a native and citizen of Western Samoa who entered the United States in July, 1978 as a nonimmigrant temporary worker, authorized to remain for a period not to exceed one year. In 1984, Toelupe was convicted of terroristic threatening in the first degree, a felony, and of carrying a firearm without permit or license.
 
 
 7
 On April 7, 1988, Mr. Toelupe was served with an amended Order to Show Cause charging him with deportability under Secs. 241(a)(2) and (a)(9) of the Immigration and Nationality Act as a nonimmigrant who has remained longer than permitted, and who failed to comply with conditions of the status under which he was admitted. Toelupe subsequently applied for legalization under the Immigration Reform and Control Act.
 
 
 8
 At an initial immigration hearing on May 9, 1988, the Immigration Judge found that Toelupe was statutorily ineligible for legalization due to his felony convictions. At the hearing on May 13, 1988, petitioner was found deportable as charged, and his motion for termination of deportation proceedings and request for voluntary departure in lieu of deportation was denied. Petitioner was ordered deported to Western Samoa. Petitioner appealed to the Board of Immigration Appeals (Board), requesting that his appeal be held in abeyance pending final adjudication of his claim to legalization proceedings. The Board sustained the INA's finding of deportability.
 
 II. Deportability
 
 9
 Petitioner alleges that the Board of Immigration Appeals (BIA) lacked sufficient evidence to find him deportable.
 
 
 10
 The Immigration Judge found that Petitioner was deportable pursuant to Secs. 241(a)(2) and (a)(9) of the Immigration and Nationality Act.[1]
 
 
 11
 At the time of Mr. Toelupe's immigration proceedings, Sec. 241(a)(9) of the Immigration and Nationality Act authorized the deportation of any alien who "[has] failed to maintain the nonimmigrant status in which he was admitted; or ... to comply with the conditions of such status." Title 8 U.S.C. Sec. 1251(a)(9) (1988).
 
 
 12
 Under Sec. 241(a)(2) of the Act, an alien may be deported who is found by the Attorney General to be "in the United States in violation of the [Act]." Title 8 U.S.C. Sec. 1251(a)(2) (1988).
 
 
 13
 Specifically, the Order to Show Cause charged petitioner with failing to comply with the conditions of his admission, and overstaying the limits of his nonimmigrant visa.
 
 
 14
 Final orders of deportation are reviewed under a substantial evidence standard. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992); Chavez-Ramirez v. INS, 792 F.2d 932, 934 (9th Cir.1986). We must affirm the decision of the Board if its factual findings are supported by reasonable, substantial, and probative evidence. Chavez-Ramirez v. INS, 792 F.2d at 934. For the INS to deport a nonimmigrant for "overstay," it must prove by clear and convincing evidence that Petitioner was admitted for a specific period, that the period has elapsed, and that petitioner is still in the country. Shoaee v. INS, 704 F.2d 1079, 1082 (9th Cir.1983).
 
 
 15
 Once the INS has made this showing, the burden shifts to the petitioner to demonstrate his authority to remain. Cabral-Avila v. INS, 589 F.2d 957, 959 (9th Cir.1968), cert. denied, 440 U.S. 920 (1979).
 
 
 16
 Petitioner admitted that he entered the United States in July 1978 on a passport containing only temporary visas, the last being an H-1 temporary worker visa.[2] Petitioner's passport was entered into evidence without objection, with stamps indicating that he departed from American Samoa on July 12, 1978.
 
 
 17
 At the time of his entry into the United States, petitioner's H-1 visa allowed him to remain in the United States for a 12-month period, and was subject to extensions in increments of one year or less. 8 C.F.R. Secs. 214.2(h)(7), (9) and (11) (1978).
 
 
 18
 Toelupe presented no evidence that he had obtained any extensions of his temporary visa, although the evidence shows that he was continuously employed during his stay in the United States, from the time of his entry in 1978. Petitioner's deportability as an overstay has been clearly established.
 
 Failure to Maintain Nonimmigrant Status
 
 19
 Petitioner was convicted of terroristic threatening in the first degree, and pled guilty to a firearms charge in 1984.
 
 
 20
 In the face of Petitioner's denial of his conviction, the INS proffered copies of the indictment, the jury verdict, and the judgment reflecting petitioner's conviction on both counts. Petitioner did not object to admission of this evidence. Petitioner later acknowledged his convictions in a motion to reopen deportation proceedings.
 
 
 21
 Terroristic threatening is a crime of violence, and conviction thereof constitutes a failure to maintain nonimmigrant status under Sec. 241(a)(9) of the Act, 8 U.S.C. Sec. 1251(a)(9).[3]
 
 
 22
 The BIA's conclusion that petitioner was deportable was substantially reasonable.
 
 Stay of Deportation Proceedings
 
 23
 Petitioner also claims that the BIA erred in refusing to withhold consideration of his appeal and stay deportation proceedings pending the adjudication of his application for legalization under the amnesty provisions of the Immigration Reform and Control Act of 1986, 8 U.S.C. Sec. 1255a.
 
 
 24
 Decisions to deny motions to defer or continue deportation proceedings are reviewed under an abuse of discretion standard. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985).
 
 
 25
 This Court has held that pendency of a collateral immigration application does not entitle an alien to a stay of deportation proceedings after an alien overstays the length of her nonimmigrant permission. Bowes v. District Director, 443 F.2d 30 (9th Cir.1971).
 
 
 26
 Only those applicants who are prima facie eligible for adjustment of status are protected against deportation during pendency of their applications. 8 U.S.C. Sec. 1255a(e)(2).[4]
 
 
 27
 Section 1255a(a)(4)(B) of the Immigration Reform and Control Act requires that an applicant for immigrant status establish that he has not been convicted of any felony in the United States. Section 1255a(d)(2)(B)(ii) precludes waiver of the admissibility requirements in the case of persons convicted of a felony. See Garcia-Ortega v. INS, 862 F.2d 564, 566 (5th Cir.1989).
 
 
 28
 Contrary to petitioner's assertion, the record does establish his prior convictions. Exhibit 3, admitted without objection, shows that petitioner was convicted on April 19, 1984, of first degree terroristic threatening and carrying an unlicensed firearm in violation of the Hawaiian criminal code.
 
 
 29
 Since Petitioner's felony convictions preclude his eligibility for adjustment of status under the amnesty provisions, the Board's refusal to defer deportation proceedings pending a decision on Petitioner's amnesty application was not an abuse of discretion. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Immigration Act of 1990 has been revised and renumbered for deportation proceedings commenced on or after March 1, 1991. Sections 241(a)(2) and (a)(9) now appear as INA Sections 241(a)(1)(B) and (a)(1)(C)(i), 8 U.S.C. Secs. 1251(a)(1)(B) and (a)(1)(C)(i), respectively. Petitioner's case remains governed by the earlier version
 
 
 [2]
 Nonimmigrant temporary worker classifications are set forth in 8 C.F.R. Sec. 214.2(h) (1978)
 
 
 [3]
 At the time of Petitioner's conviction, 8 C.F.R. Sec. 214.1(g) provided, "commission of a crime of violence for which a sentence of more than one year imprisonment may be imposed ... constitutes a failure to maintain status under Sec. 241(a)(9) of the Act."
 
 
 [4]
 Title 8 U.S.C. Sec. 1255a(e)(2) provides: "an alien who presents a prima facie application for adjustment of status under subsection (a) of this section during the application period, and until a final determination on the application has been made in accordance with this section, the alien--
 (A) may not be deported ...".