**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-60698
_____

OLUGBEMIGA BALOGUN,

                                                    Petitioner,

                              versus

JOHN D. ASHCROFT, U.S. Attorney General,

                                                    Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
_____

October 31, 2001

Before GARWOOD and WIENER, Circuit Judges and FALLON,[*] District

Judge.

WIENER, Circuit Judge:

Petitioner Olegbemiga Balogun, a Nigerian citizen, applied for

protection under Article 3 of the United Nations Convention Against

Torture and Other Cruel, Inhuman or Degrading Treatment or

Punishment (the "CAT").  The Board of Immigration Appeals (the

"Board") affirmed the Immigration Judge's (the "IJ") dismissal of

Balogun's application, and it is that affirmance by the Board that

---

[*]District Judge of the Eastern District of Louisiana,
sitting by designation.

Balogun now appeals.  We conclude that we lack jurisdiction to hear this petition for review, and therefore dismiss.

## I. Facts and Proceedings

Balogun was born in Nigeria in 1963, and was educated in Nigeria and England.  In 1984, he was admitted to the United States as a non-immigrant student and authorized to remain in this country for as long as he maintained his status as a student.  In 1990, he was arrested and convicted for illegal possession of credit cards, fraudulent use of credit cards, and forgery, under Alabama's State Criminal Code sections 13A-9-3 and 13A-9-14.  He was sentenced to five years' imprisonment for these offenses.  Later in 1990, an IJ found Balogun deportable, the Board affirmed this finding, and we affirmed this decision, stating, "[c]learly, forgery and fraudulent use of credit cards...are crimes involving moral turpitude."[1]

In the meantime, Balogun was also tried and convicted in 1991 under 42 U.S.C. § 408(g)(2) for illegally obtaining telephone credit cards through the use of a false social security number.[2]  Balogun received a seven-month prison sentence for this offense.

In 1993, Balogun was deported from the United States.  He

---

[1] Balogun v. INS, 959 F.2d 967 (5th Cir. 1992) (unpublished).

[2] Subsection (g)(2) was redesignated (a)(7) by Pub.L. 101-508, § 5121(b)(3), Nov. 5, 1990, 104 Stat. 1388-283.  Title 42 U.S.C. § 408(a)(7) provides that a person who commits an offense under the section "shall be guilty of a felony and upon conviction thereof shall be fined under title 18, United States Code, or imprisoned for not more than five years, or both."

2

testifies that when he returned to Nigeria, he was immediately taken by officials of the Nigerian military government and placed in shackles in a small cell for a week, where he was fed only once a day and beaten regularly. In 1994, he registered in the National Democratic Coalition (NADECO), a group that opposed the military government in power and sought restoration of democracy in Nigeria. According to Balogun, Nigerian government officials subjected him to beatings, threats, and persecution during the next several years because of his involvement in NADECO activities. Balogun finally fled Nigeria in 1996 and, using a false passport that he obtained in Ghana, entered the United States for three months in 1997. He then went to the Bahamas, where he overstayed his four-day tourist visa. In 1998, Balogun returned to the United States so that (according to his testimony) he could return to the Bahamas.

When he attempted to enter the United States in 1998, however, Balogun was stopped by immigration officials and served with notice to appear before the Immigration Court. He was charged with being inadmissible to the United States as an alien who, by fraud or willful misrepresentation of a material fact, seeks to obtain an immigration benefit,[3] and as an alien who, at the time of application for admission, was not in possession of a valid entry document.[4] Balogun conceded inadmissibility at his immigration

_____

[3] Section 212(a)(6)(C)(i) of the Immigration and Nationality Act, as amended ("INA").

[4] Section 212(a)(7)(A)(i)(I) of the INA.

3

hearing but applied for asylum.  The IJ found that Balogun's 1990 conviction for forgery constituted an "aggravated felony" under section 101(a)(43)(R) of the INA, and that he was thus ineligible for both asylum[5] and withholding of removal.[6]  The IJ then adjourned the proceedings so that Balogun could pursue protection under the CAT.

Following a series of hearings on the merits of the CAT claim, the IJ found Balogun ineligible for protection because he lacked credibility.  The IJ found further that, even if Balogun were credible, substantial improvement of conditions had occurred in Nigeria, his home country, so that Balogun had failed to meet his burden of showing that he would be tortured if he were returned there.  In September 2000, the Board affirmed the IJ's decisions and dismissed the appeal.  Balogun timely filed this petition for review of the Board's affirmance.

## II. Analysis

### A. Standard of Review

We review de novo our jurisdiction to hear this challenge  of the Board's final order.[7]

### B. Discussion

---

[5] Pursuant to INA §§ 208(b)(2)(A)(ii) and 208(b)(2)(B)(i).

[6] Pursuant to INA § 241(b)(3)(B)(ii).

[7] Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001); Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000), cert. denied, 531 U.S. 1069 (2001).

4

Balogun maintains that the Board employed incorrect legal standards when it evaluated his credibility and the conditions of his home country, and that the Board erred in dismissing his CAT claim. Balogun insists his evidence established that the six required elements of the claim had, more likely than not, been met. As we conclude that we do not have jurisdiction to hear this petition, we do not reach the merits of Balogun's challenges.

Balogun applied for protection under the CAT, which is incorporated into domestic law of the United States in the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA").[8] Section 2242(d) of FARRA provides:

> **(d) Review and Construction.** —— Notwithstanding any other provision of law,...<u>nothing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the Convention or this section</u>, or any other determination made with respect to the application of the policy set forth in subsection (a), <u>except as part of the review of a final order of removal pursuant to section 242 of the Immigration and Nationality Act</u>.[9]

---

[8] Pub.L. No. 105-277, Div. G, Oct. 21, 1998, § 2242.

[9] Id. This mandate is confirmed in the regulations promulgated by the INS to implement the Convention Against Torture:

> (e) Judicial review of claims for protection from removal under Article 3 of the Convention Against Torture.
>
> (1) Pursuant to the provisions of section 2242(d) of the [FARRA], there shall be no judicial appeal or review of any action, decision, or claim raised under the Convention or that section, except as part of the review of a final order of removal pursuant to section 242 of the [INA]; provided however, that any appeal or

5

Section 242 of the INA, to which the above-quoted excerpt refers, is now found at 8 U.S.C. § 1252, and provides, in pertinent part:

> **(C) Orders against criminal aliens.** Notwithstanding any other provision of law, <u>no court shall have jurisdiction to review any final order of removal</u> against an alien who is <u>removable</u> by reason of having committed a criminal offense covered in [<u>8 U.S.C. § 1182(a)(2)</u>]....[10]

Despite this denial of jurisdiction, we retain jurisdiction to review jurisdictional facts.[11] Specifically, to determine whether we are precluded from reviewing this petition, we must inquire, first, whether Balogun is an alien and then, if he is, whether he is removable for having committed a crime covered by 8 U.S.C. § 1252(a)(2)(C). As no one disputes that Balogun is an alien, we turn to the particular provisions of § 1252(a)(2)(C) and inquire

---

> petition regarding an action, decision, or claim under the Convention or under section 2242 of the [FARRA] shall not be deemed to include or authorize the consideration of any administrative order or decision, or portion thereof, the appeal or review of which is restricted or prohibited by the [INA].

8 C.F.R § 208.18(e)(1).

[10] 8 U.S.C. § 1252(a)(2)(C) (emphasis added). This provision also strips courts of jurisdiction to review petitions when the alien is deportable under certain subsections of 8 U.S.C. § 1227(a)(2)(A).

[11] <u>Lopez-Elias v. Reno</u>, 209 F.3d 788, 791 (5th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1069 (2001) (citing <u>Camancho-Marraquin v. INS</u>, 188 F.3d 649, 651 (5th Cir. 1999)). Courts also retain jurisdiction to consider whether the jurisdiction-stripping provisions of the statute are being constitutionally applied and to consider any substantial constitutional claims. <u>Nehme v. INS</u>, 252 F.3d 415, 420 (5th Cir. 2001); <u>Lara-Ruiz v. INS</u>, 241 F.3d 934, 939 (7th Cir. 2001). Balogun raises no constitutional challenges at all, so this alternative route to jurisdiction over the case is not open to us.

6

whether Balogun is inadmissible pursuant to 8 U.S.C. § 1182(a)(2).

Under 8 U.S.C. § 1182(a)(2), only subsections (A) and (B) are relevant in this case. Section 1182(a)(2)(A) provides that the following aliens are inadmissible:

> (A) Conviction of certain crimes. (i) ...[A]ny alien convicted of...acts which constitute the essential elements of ——
>
> (I) a <u>crime involving moral turpitude</u>....
>
> (ii) Exception. Clause (i)(I) shall not apply to an alien who committed only one crime if ——
>
> (I) the crime the crime was committed when the alien was under 18 years of age,... or
>
> (II) the maximum penalty possible for the crime...did not exceed imprisonment for one year and, if the alien was convicted.., the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).[12]

Section 1182(a)(2)(B), in turn, provides that the following aliens are inadmissible:

> (B) Multiple criminal convictions. Any alien <u>convicted of 2 or more offenses</u>..., regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, <u>for which the aggregate sentences to confinement were 5 years or more</u>....[13]

To summarize, then, when the alien has been convicted of a crime involving moral turpitude, or has been convicted of two or more offenses for which the aggregate sentences to confinement were five

---

[12] 8 U.S.C. § 1182(a)(2)(A) (emphasis added).

[13] <u>Id.</u> § 1182(a)(2)(B) (emphasis added).

7

years or more, 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction to hear his petition for review.

The Alabama crimes for which Balogun was convicted are crimes of moral turpitude. As noted above, we determined in 1992 that these offenses were crimes of moral turpitude when we reviewed Balogun's deportation order based on those convictions.[14] This determination comports with the Supreme Court's observation that "fraud has consistently been regarded as such a contaminating component in any crime that American courts have, without exception, included such crimes within the scope of moral turpitude."[15] It also comports with our own early conclusion that "under the authorities[, forgery is] regarded as involving moral turpitude."[16] Balogun is therefore inadmissible according to the terms of 8 U.S.C. § 1182(a)(2)(A)(i)(I).[17]

Additionally, Balogun has multiple convictions for which the

---

[14] See supra note 1 and accompanying text.

[15] Jordan v. DeGeorge, 341 U.S. 223, 228 (1951).

[16] United States ex rel. McKenzie v. Savoretti, 200 F.2d 546, 548 (5th Cir. 1952).

[17] Neither of the exceptions to the applicability of § 1182(a)(2)(A)(i)(I) applies to Balogun. He was born in 1963, entered the United States for the first time in 1984, and was convicted for the Alabama offenses in 1990. He was therefore over 18 years of age when the crime was committed, thus preventing the application of the first exception. See 8 U.S.C. § 1182(a)(2)(A)(ii)(I). Second, he was sentenced to five years' imprisonment for these convictions, preventing the application of the exception for short-sentence offenses. See id. § 1182(a)(2)(A)(ii)(II).

aggregate sentences of confinement were for five years or more. As we observed, he was convicted for offenses under the Alabama criminal code and, in a later trial, under 42 U.S.C. § 408(g)(2). For the Alabama convictions, Balogun received a five-year sentence, and for the federal conviction, he received a seven-month sentence. These facts make him inadmissible according to the terms of 8 U.S.C. § 1182(a)(2)(B).

Finally, 8 U.S.C. § 1252(a)(2)(C) provides that the alien need only be "removable" under the cited sections to trigger the jurisdictional bar. The subsections of 8 U.S.C. § 1182 that we apply to Balogun today specify that he will be inadmissible, not removable. Title 8 U.S.C. § 1229a(a)(2) fills this gap, however:

> **§ 1229a.  Removal proceedings**
> (a) Proceedings...
> (2) Charges.  An alien placed in proceedings under this section may be charged with any applicable ground of inadmissibility under [8 U.S.C. § 1182(a)]....[18]

Put more succinctly, if an alien is <u>inadmissible</u> for having committed offenses specified in § 1182(a), he is <u>removable</u> as well. Moreover, as we emphasized in <u>Lopez-Elias v. Reno</u>[19]:

> What the INS originally charged is of no consequence; so long as the alien in fact is removable [under a section cited in 8 U.S.C. § 1252(a)(2)(C)], this court has no jurisdiction, irrespective of whether the INS originally

---

[18] 8 U.S.C. § 1229a(a)(2).

[19] 209 F.3d 788 (5th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1069 (2001).

sought removal for that reason.[20]

It is therefore immaterial that Balogun was charged with inadmissibility in 1998 under different sections of the INA.[21] The CAT limits our jurisdiction through the application of 8 U.S.C. § 1252(a)(2)(C). Applying that section, we conclude that Balogun, an alien, is inadmissible (and therefore removable) on at least two separate grounds. Our analysis — and our jurisdiction — ends there, and this petition for review is accordingly

DISMISSED FOR LACK OF JURISDICTION.

---

[20] Id. at 793. In Lopez-Elias we found the petitioner removable pursuant to a different section cited in § 1252(a)(2)(C) — that related to "aggravated felonies" — but the thrust of our pronouncement there holds true regardless of which section cited in § 1252(a)(2)(C) renders the petitioner "removable."

[21] See supra notes 3 and 4 and accompanying text.