United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60871
Summary Calendar

LUCIO MORALES-CARRERA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 088 747
--------------------

Before JOLLY, JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

Lucio Morales-Carrera challenges a final order of removal issued by the Board of Immigration Appeals (BIA) on September 27, 2002. Following an evidentiary hearing, the immigration judge (IJ) found Morales-Carrera removable under 8 U.S.C. § 1227(a)(2)(A)(i) as an alien who had been convicted of a crime involving moral turpitude committed within five years of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admission.  The BIA summarily affirmed the IJ's decision pursuant to 8 C.F.R. § 3.1(a)(7).[**]

Morales-Carrera argues that his deferred adjudication was not a criminal conviction for immigration purposes.  Morales-Carrera's argument is foreclosed by this court's decision in Moosa v. INS, 171 F.3d 994, 1005-06 (5th Cir. 1999).

Morales-Carrera argues that his conviction for forging proof of financial responsibility under TEX. TRANSP. CODE § 601.196 (West 1999) was not a crime involving moral turpitude.  Forgery and fraud are crimes involving moral turpitude.  See Jordan v. DeGeorge, 341 U.S. 223, 232 (1951)(fraud); Balogun v. Ashcroft, 270 F.3d 274, 276, 278-79 (5th Cir. 2001)(forgery).  Because the offense involved forgery and was fraudulent in nature, the IJ did not err in determining that the crime involved moral turpitude.

Morales-Carrera argues that the BIA violated his right to due process by affirming his appeal without opinion pursuant to 8 C.F.R. § 3.1(a)(7)(ii).  After Morales-Carrera filed his brief, this court rejected a due process challenge to the "streamlining" regulation, holding that the summary affirmance procedures do not violate due process and do not deprive the court of a basis for judicial review.  Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

---

[**] The regulation previously cited as 8 C.F.R. § 3.1 (2002) can now be found at 8 C.F.R. § 1003.1 (2003).  Because the parties referred to the 2002 regulation, and because the new regulation is either identical or substantially similar to the older version, we will refer to the 2002 regulation.

PETITION FOR REVIEW DENIED.