United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 02-60544

HESHAM A. MORTAGY,

Petitioner,

VERSUS

JOHN ASHCROFT,
U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
m A75 345 985

Before DAVIS, SMITH, and DUHÉ,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

  The Board of Immigration Appeals ("BIA")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Hesham Mortagy's appeal of his denial of asylum and withholding of deportation, finding that he is ineligible because he has engaged in terrorist activity (as to asylum) and because there exist reasonable grounds to believe that he poses a danger to the security of the United States (as to asylum and withholding). For purposes of asylum, the finding that he engaged in terrorist activity is statutorily unreviewable. The finding that he poses a danger to the security of the United

States is supported by the record, and therefore Mortagy is also ineligible for withholding. Accordingly, we dismiss the petition in part and deny review in part.

## I.

Mortagy was admitted to the United States as a nonimmigrant visitor from Syria. The Immigration and Naturalization Service issued a notice to appear, charging Mortagy as removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. He admitted the factual allegations in the notice and conceded deportability.

Mortagy applied for asylum and withholding of deportation. The immigration judge ("IJ") determined that Mortagy was not entitled to asylum or withholding of deportation because he had not shown that he had a well-founded fear of persecution. The IJ ordered him removed.

Mortagy appealed to the BIA. It dismissed the appeal, finding that he is ineligible for asylum pursuant to 8 U.S.C. § 1158(b)(2)(A)(iv) because there are reasonable grounds to believe he poses a danger to the security of the United States, and pursuant to § 1158(b)(2)-(A)(v) because he had engaged in terrorist activity. It also found he is ineligible for withholding of deportation pursuant to 8 U.S.C. § 1231(b)(3)(B)(iv), again because there are reasonable grounds to believe he poses a danger to the security of the United States. In its order, the BIA noted that Mortagy was associated with the Popular Front for the Liberation of Palestine ("PFLP") from 1980 to 1984; this group is on the State Department's List of Designated Foreign Terrorist Organizations.[1]

## II.

Mortagy petitions for review, contending that the BIA erred in its determinations the he has engaged in terrorist activity and that he poses a danger to the security of the United States. Though the Attorney General argues that the BIA did not err in determining that Mortagy poses a danger to the nation's security, he does not address the BIA's finding under § 1158(b)(2)(A)(v) that Mortagy engaged in terrorist activity. Neither party addresses whether § 1158(b)(2)(D) precludes review of the finding under § 1158(b)(2)-(A)(v); we raise the issue *sua sponte*[2] and conclude that the statute deprives this court of appellate jurisdiction to review the asylum determination.

Though the Attorney General has discretionary power under § 1158(a) to grant asylum, the general asylum rule does not apply if he determines that the alien meets any of several enumerated exceptions. *See* § 1158-(b)(2). One such exception is listed under subparagraph (A)(v), which, *inter alia*, declares ineligible all aliens inadmissable under 8 U.S.C. § 1182 (a)(3)(B)(i) for having "engaged in a terrorist activity." *See* § 1158(b)(2)(A)(v).[3]

---

[1] The PFLP is also known as the Popular Liberation Front and as the George Habash Organization.

[2] *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 335 (5th Cir. 1999) ("Before reaching the merits, we must examine the basis of our appellate jurisdiction and, if there is doubt, we must address it, *sua sponte* if necessary.").

[3] "Terrorist activity" is defined with exacting
(continued...)

Section 1158(b)(2)(D) provides that "[t]here shall be no judicial review of a determination of the Attorney General under subparagraph (A)(v)." This language unambiguously denies this court jurisdiction to consider the BIA's finding under § 1158(b)(2)(A)(v).[4] Because we may not review the BIA's determination that Mortagy was ineligible for asylum pursuant to § 1158(b)(2)(A)(v), we will not consider the remainder of his petition with respect to asylumSSthat the BIA's determination under § 1158(b)(2)(A)(iv) was erroneous.

### III.

Mortagy also seeks relief from the BIA's determination that he is ineligible for withholding of deportation. An alien is eligible for withholding of deportation if he shows that returning him to a certain country would result in threats to his life or freedom and would be on account of his "race, religion, nationality, membership in a particular social group, or political opinion." § 1231(b)(3)(A). The BIA, however, found that Mortgagy meets the

---

[3] (...continued)
detail at § 1182 (a)(3)(B)(iii).

[4] We treat the powers of "judicial review" and "jurisdiction" synonymously by this court, and provisions similar to § 1158(b)(2)(D), in statute and regulation, have been consistently interpreted to deny jurisdiction. *See Balogun v. Ashcroft*, 270 F.3d 274, 277 n.9 (5th Cir. 2001) (finding that a lack of jurisdiction was "confirmed in" 8 C.F.R § 208.18(e)(1), which states that "there shall be no judicial appeal or review of" decisions under a subsection of the act there at issue); *Garcia-Ortega v. INS*, 862 F.2d 564, 566 (5th Cir. 1989) (endorsing the decision of an IJ who found that 8 U.S.C. § 1255a(f), which provides that "[t]here shall be no administrative or judicial review of a determination . . . ," deprived this court of jurisdiction).

exception at § 1231(b)(3)(B)(iv), which precludes withholding if "there are reasonable grounds to believe that the alien is a danger to the security of the United States." § 1231(b)-(3)(B)(iv).[5] Mortagy contends that this finding is erroneous. We must review this finding (unlike the finding that he is ineligible for asylum), both because there is no statutory bar to review of this claim and because withholding is a separate remedy from asylum. *Mikhael v. INS*, 115 F.3d 299, 306 (5th Cir. 1997).

We review the BIA's legal rulings *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Mortagy urges *de novo* review here, asking us to consider whether his past membership in the PFLP is, by itself, *legally sufficient* to support the BIA's finding that he is a danger to the security of the United States. The decision that an alien is not eligible for withholding of deportation is *itself* a *factual finding*, which we review "only to determine whether it is supported by substantial evidence." *Zamora-Morel v. INS*, 905 F.2d 833, 838 (5th Cir. 1990).

Beyond Mortagy's membership in the PFLP, the Attorney General points to other evidence in the record that supports the BIA's decision. For example, Mortagy testified that in 1980 he spent several months in Lebanon undergoing military and weapons training provided by the Palestinian Liberation Organization. He later returned to Lebanon to fight with the PFLP. Also according to his

---

[5] Because the BIA did not perform an analysis of the merits of Mortagy's claim apart from whether he qualified for an exception, his case would be remanded, and he would still have to make the requisite showings under § 1231(b)(3)(A) to receive withholding, even if he succeeds on this claim.

testimony, he at various times gathered intelligence for Syrian and Turkish officials. He was recruited by Syria and Turkey for numerous other spying duties, though he asserts that he refused many of their requests.

Mortagy attempts, at times persuasively, to mitigate this evidence and to characterize himself as a victim of manipulation and persecution. We must, however, be mindful of our limited standard of review. The BIA's finding that Mortagy is ineligible for withholding of deportation because there exist "reasonable grounds to believe" that he poses a threat to the security of this country is supported by substantial evidence.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.