United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60932
Summary Calendar

BEATRIZ TURRIBIARTES-VITALES; RODOLFO RICO-CAZEREZ,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76-313-817
--------------------

Before JOLLY, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

Beatriz Turrubiartes-Vitales and Rodolfo Rico-Cazerez
petition this court for review of the Board of Immigration
Appeals' (BIA) decision affirming the Immigration Judge's (IJ)
order denying their application for cancellation of removal
pursuant to 8 U.S.C. § 1229b(b). The petitioners set forth
arguments that indicate that the proceedings below deprived them
of due process. This court retains jurisdiction to consider

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

whether the jurisdiction-stripping provisions of IIRIRA are being constitutionally applied and to consider any substantial constitutional claims. Balogun v. Ashcroft, 270 F.3d 274, 277-78 & 278 n.11 (5th Cir. 2001).

The petitioners argue that their due process rights were violated because the Immigration and Naturalization Service did not comply with 8 U.S.C. § 1229(a)(1) when it issued their notices to appear. This court's review indicates that the notices to appear complied with 8 U.S.C. § 1229(a)(1) by specifying the nature of the proceedings, the legal authority under which the proceedings were conducted, the acts or conduct alleged to violate the law and the charges against the petitioners and the statutory provisions alleged to be violated. Moreover, the proceedings below, which included efforts by the immigration judge to ascertain that the petitioners understood the allegations and charges in the notices to appear, indicates that the petitioners were provided notice of the charges against them and that the petitioners understood the charges and allegations. The petitioners were also afforded hearings before an immigration judge and a fair opportunity to be heard. Therefore, the petitioners were afforded due process in their immigration hearing. See United States v. Benitez-Villafuerte, 186 F.3d 651, 657 (5th Cir. 1999).

The petitioners also argue that their case did not meet the BIA's requirements for issuance of an affirmance without opinion

pursuant to 8 C.F.R. § 1003.1(e)(4) and that the BIA's use of this summary procedure in handling their appeal violated their due process rights. The petitioners due process argument is without merit. <u>See</u> <u>Soajede v. Ashcroft</u>, 324 F.3d 830, 832-33 (5th Cir. 2003) (rejecting due process challenge to a similar summary affirmance procedure set forth in 8 U.S.C. § 1003(a)(7)). Moreover, because the decision of the immigration judge was correct and does not raise any substantial factual or legal questions on appeal, the decision met the criteria for a summary affirmance pursuant to 8 U.S.C. § 1003.1(4).

The petition for review is DENIED.