United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-60440

SAMUEL IGNACIO LOPEZ-VELOZ

Petitioner,

v.

JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL
Respondent

Petition For Review of an Order
of the Board of Immigration Appeals
(A90 916 144)

Before BENAVIDES, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Samuel Ignacio Lopez-Veloz petitions for direct review of a decision of the Board of Immigration Appeals (BIA), affirming the immigration judge's denial of a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) (repealed 1996). Lopez-Veloz also seeks a continuation of the temporary stay of deportation granted by this court on June 14, 2004. In response, the government has filed a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

motion to dismiss, arguing that we lack jurisdiction to review Lopez-Veloz's petition, because 8 U.S.C. § 1252(a)(2)(C) explicitly prohibits our direct review of orders for the removal of the class of criminal aliens of which Lopez-Veloz is a member.

We agree with the government that our ability to consider Lopez-Veloz's petition for direct review of the BIA's decision in this case is forbidden by 8 U.S.C. § 1252(a)(2)(C). Indeed, § 1252(a)(2)(C) precludes us from exercising "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain enumerated criminal offenses, including those offenses involving violations of state laws relating to controlled substances. 8 U.S.C. § 1252(a)(2)(C); 8 U.S.C. § 1227(a)(2)(B)(i). Although the stripping of our "jurisdiction to review" by § 1252(a)(2)(C) does not affect our habeas corpus jurisdiction, it clearly deprives us of jurisdiction to directly review a BIA decision. See INS v. St. Cyr, 533 U.S. 289, 312-315 (2001).

Specifically, in St. Cyr, the Court observed that "it is the scope of inquiry on habeas corpus that differentiates habeas review from judicial review." 533 U.S. at 312 (quoting Heikkila v. Barber, 345 U.S. 229, 236(1953)). Because the pre-IIRIRA statutory regime allowed for direct review of immigration decisions, which gave courts the "broad authority to grant declaratory and injunctive relief in immigration cases," the Court interpreted IIRIRA's

jurisdiction stripping provisions, such as § 1252(a)(2)(C), as a congressional withdrawal of the courts' direct review jurisdiction. Id. at 309. Accordingly, the Supreme Court concluded that the sole form of review available to aliens protesting the legality of their deportation post-IIRIRA is in habeas. Id.

Nevertheless, despite § 1252(a)(2)(C)' s limitation on this court's jurisdiction to consider a petition for direct review, we have previously concluded that we "retain the jurisdiction to review jurisdictional facts." Balogun v. Ashcroft, 270 F.3d 274, 278 (5th Cir. 2001). Thus, our direct review of the BIA decision in this instance is only to ascertain whether Lopez-Veloz is: (1) an alien; (2) who is deportable; (3) based on a conviction for a violation of state law relating to controlled substances. See Balogun at 278.

It is undisputed that Lopez-Veloz is deportable under § 1227(a)(2)(B) as an "alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law of any State. . .relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). Therefore, § 1252(a)(2)(C) precludes this court from directly reviewing the BIA's decision.

Accordingly, as we do not have jurisdiction to directly review Lopez-Veloz's petition, the Government's motion to dismiss his petition for lack of jurisdiction is granted, the temporary stay of deportation is withdrawn, and all other relief prayed for is

3

denied.

PETITION DISMISSED; TEMPORARY STAY WITHDRAWN.