# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

No. 11-60662
Summary Calendar

Lyle W. Cayce
Clerk

ODEMELAM FRIDAY FRANK ADIELE, also known as Odemelan Friday Frank
Adiele, also known as Frank UWA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A037 552 493

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Odemelam Friday Frank Adiele, a native and citizen of Nigeria, petitions
this court for review of an order of the Board of Immigration Appeals (BIA)
dismissing his appeal and affirming the Immigration Judge's (IJ's) order of
removal. Adiele was previously deported from the United States pursuant to
Section 241(a)(11) of the Immigration and Nationality Act (INA), 8 U.S.C.
§ 1251(a)(11) (now 8 U.S.C. § 1227), based on a 1980 state conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possession of marijuana. Adiele reentered the United States in 1984 and was again ordered deported. The instant proceedings stem from his most recent attempt, in 2009, to reenter the country.

In 2011, the Department of Homeland Security (DHS) issued a notice to appear (NTA) charging Adiele with being inadmissible under section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled substance offense, and under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), for attempting to obtain admission to the United States by fraud. The DHS later charged Adiele with being inadmissible as an alien not in possession of a valid immigrant visa or entry document pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), and as an alien seeking admission less than 20 years after previously having been removed from the United States pursuant to INA § 241(a)(9)(A)(ii), 8 U.S.C. § 1182(a)(9)(A)(ii). Adiele denied the allegations set forth in the NTA and requested relief from inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h) and former INA §212(c).

The IJ concluded that Adiele's 1980 Illinois conviction for possession of marijuana was a crime relating to a controlled substance and rendered Adiele removable as charged under § 212(a)(2)(A)(i)(II). The IJ also concluded that Adiele was removable under § 212(a)(7)(A)(i)(I) and § 212(a)(9)(A)(ii) and that Adiele was not eligible for any waivers from inadmissibility.

The BIA noted that Adiele did not dispute his removability and determined that Adiele was "not *prima facie* eligible for any relief that would waive his inadmissibility under" § 212(a)(7)(A)(i)(I), for being an immigrant not in possession of a valid visa. The BIA concluded that because Adiele was removable on that basis, it did not need to decide whether Adiele qualified for or merited any relief that would overcome the other grounds for removal.

Our jurisdiction over an immigration proceeding is governed by 8 U.S.C. § 1252. Section 1252(a)(2)(C) generally prohibits judicial review of any final

order of removal against an alien who is removable by reason of having committed certain designated criminal offenses, including a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). *See* § 1252(a)(2)(C); *Balogun v. Ashcroft*, 270 F.3d 274, 277-78 (5th Cir. 2001). However, we have jurisdiction to determine whether a petitioner is an alien who is deportable, or inadmissible, for committing an offense that bars our review. *See Balogun*, 270 F.3d at 278 & n.11. Further, § 1252 does not bar judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." § 1252(a)(2)(D); *see Larin-Ulloa v. Gonzales*, 462 F.3d 456, 461 (5th Cir. 2006). Thus, we retain jurisdiction to review constitutional claims and questions of law associated with a claim for discretionary relief. *See* § 1252(a)(2)(D).

Although Adiele asserts that his state conviction for possession of marijuana should not render him inadmissible, he has failed to demonstrate any error in the determination that he is inadmissable under § 212(a)(2)(A)(i)(II), as an alien who has been convicted of a controlled substance offense, and therefore removable under § 1227(a)(2)(B)(i).

Adiele further asserts that because the IJ erred in determining that his drug offense involved more than 30 grams of marijuana, he was wrongfully denied a waiver of inadmissibility under § 212(h). He also argues that he was entitled to relief under § 212(c), but he has failed to exhaust that issue by failing to raise it before the BIA. 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA – either on direct appeal or in a motion to reopen.") (internal quotation marks and citation omitted).

In any event, Adiele has failed to raise a colorable constitutional claim or a question of law regarding his eligibility for a discretionary waiver of inadmissibility under § 212(h). Section 212(h) gives the Attorney General the

discretion to "waive the application of [§ 212(a)(2)(A)(i)(II)] insofar as it relates to a single offense of simple possession of 30 grams or less or marijuana" under certain enumerated circumstances. § 1182(h). Although the IJ determined that Adiele was ineligible for a waiver under § 212(h) because his drug offense involved more than 30 grams, the BIA did not rely on that determination or adopt the IJ's findings regarding the drug amount or Adiele's eligibility for a waiver under § 212(h).

Because the BIA engaged in its own analysis and affirmed the removal order without adopting the IJ's decision and analysis, our review is limited to the BIA's decision. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Thus, because Adiele is removable as an alien convicted of a controlled substance offense, and because Adiele raises no colorable constitutional claim or question of law pertaining to the BIA's decision, we lack jurisdiction over his petition. *See* § 1252(a)(2)(C); *Balogun*, 270 F.3d at 277-78.

Accordingly, Adiele's petition for review is DISMISSED.