United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60625

_____

JOSE JAIME FLORES-GARZA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE; JOHN ASHCROFT, U. S.
Attorney General,

Respondents.

_____

Petition for Review of an Order
of the Board of Immigration Appeals

_____

_____

Consolidated with
No. 00-41122

_____

JOSE JAIME FLORES GARZA,

Petitioner - Appellant,

versus

JOHN ASHCROFT, U.S. Attorney General; E. M. TROMINSKI, District
Director, Immigration and Naturalization Service,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before JOLLY, DUHÉ, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Jaime Flores Garza (Flores), a citizen of Mexico and a permanent resident of the United States, was ordered removed from the United States by a final order of the Board of Immigration Appeals (BIA) on account of a 1972 burglary conviction and two convictions for possession of marijuana in 1991 and 1996. In response, Flores filed a petition for direct review of his BIA removal order in this court, raising statutory and constitutional challenges to the BIA's determination that Flores is removable as an aggravated felon based on his 1972 burglary conviction. Flores also filed in federal district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from the same BIA order on essentially identical grounds. The district court dismissed Flores's habeas petition for lack of jurisdiction, and Flores now appeals the district court's dismissal. Both Flores's petition for direct review and his appeal from the dismissal of his habeas petition were consolidated in this court by a previous order.

Because we lack jurisdiction to review a BIA order finding an alien removable based on a controlled substance offense, we dismiss Flores's petition for review. See 8 U.S.C. § 1252(a)(2)(C). However, we hold that the district court does have jurisdiction to consider Flores's petition for federal habeas corpus relief under 28 U.S.C. § 2241. See INS v. St. Cyr, 533 U.S. 289 (2001).

2

Accordingly, we vacate the district court's dismissal and remand Flores's habeas case to the district court for further proceedings.

                                    I

The underlying facts in this case – unlike the procedural arguments – are relatively straightforward. Flores lawfully entered the United States in February 1972. In September 1972, Flores pleaded guilty to burglary and received a suspended five-year sentence. In 1991, Flores pleaded guilty to possession of marijuana. In 1996, Flores again pleaded guilty to possession of marijuana.

In December 1998, the Immigration and Naturalization Service ("INS") charged Flores with removability as an alien convicted of controlled substance offenses under 8 U.S.C. § 1227(a)(2)(B)(i).[1] In March 1999, the INS filed an additional charge of removability against Flores, alleging that Flores was also removable based on his prior conviction for an aggravated felony – i.e., his 1972 burglary conviction – under 8 U.S.C. § 1227(a)(2)(A)(iii).[2] The

_____

[1]     Section 1227(a)(2)(B)(i) provides for the deportation of "[a]ny alien who at any time after admission has been convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana."  8 U.S.C. § 1227(a)(2)(B)(i).

[2]     Section 1227(a)(2)(A)(iii) provides for the removal of an alien who is convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). In 1996, Congress amended the Immigration and Nationality Act's statutory definition of an "aggravated felony" to include any "burglary offense" for which the "term of imprisonment" is "at least one year."

                                    3

Immigration Judge found Flores to be removable on both charges. Flores requested relief from removal pursuant to 8 U.S.C. § 1229b, which allows certain permanent residents to request cancellation of removal. However, the Immigration Judge denied Flores's request, finding Flores ineligible for this relief because of Flores's aggravated felony conviction. See 8 U.S.C. § 1229b(a)(3) (providing that the Attorney General may cancel removal if an otherwise-qualifying alien "has not been convicted of an aggravated felony"). In August 1999, the BIA affirmed the decision of the Immigration Judge and dismissed Flores's appeal.

In September 1999, Flores filed in this court the instant petition for direct review of the BIA's final order of removal entered against him. Flores argued that, on account of the age of his burglary conviction and the limitations imposed on the scope of 8 U.S.C. §§ 1227(a)(2)(A)(iii) by the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7344(b), 102 Stat. 4181 (1988) ("ADAA"), he was not removable as an aggravated felon and, therefore, not ineligible for relief from removal under 8 U.S.C. § 1229b. Flores also argued that the charging document in his case did not include

---

8 U.S.C. § 1101(a)(43)(G). Congress also amended the Immigration and Nationality Act to define the "term of imprisonment" to include any "period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B). See also Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, §§ 321(a)(3), 322(a)(1)-(2)(A),, 110 Stat. 3009 (1996).

4

an essential element of the offense – namely, the requirement that Flores have received a "term of imprisonment" of "at least one year" for his aggravated felony conviction. The government moved to dismiss Flores's petition for review for lack of jurisdiction arguing that, under 8 U.S.C. § 1252(a)(2)(C), this court lacked jurisdiction to review the final order of removal against Flores – an alien who is removable by reason of having committed a criminal offense covered by § 1227(a)(2)(A)(iii) (aggravated felony) and (B)(i) (controlled substance offense). In response to the government's motion, Flores conceded that 8 U.S.C. § 1252(a)(2)(C) barred this court from considering his petition for review of the BIA's final order of removal on account of his uncontested conviction for a controlled substance offense. Flores further contended, however, that he could seek relief from the BIA's final order of removal via a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In December 1999, a panel of this court granted the government's motion and dismissed Flores petition for lack of jurisdiction without further elaboration.

While the government's motion to dismiss Flores's petition for review was pending, in November 1999, Flores filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Texas. Flores's habeas petition raised statutory and constitutional claims and reiterated the arguments raised in his petition for review – i.e., that, on account of the age of his burglary conviction, Flores was not removable as an

5

aggravated felon and was not ineligible for relief from removal under 8 U.S.C. § 1229b. Flores also reiterated his argument that his charging document did not include an essential element of the offense. Relying on this court's decision in Max-George v. Reno, 205 F.3d 194 (5th Cir. 2000), the magistrate judge recommended dismissal of Flores's habeas petition for lack of jurisdiction.[3] Over Flores's objections, the district court adopted the magistrate's recommendation in August 2000.

In response, Flores filed a timely notice of appeal from the dismissal of his habeas petition. Flores also filed a motion to reinstate his petition for direct review of the BIA order. In October 2000, this court granted Flores's motion to reinstate his petition for review, and a new briefing order was subsequently issued. In November 2001, this court also granted Flores's unopposed motion to consolidate his petition for review of the BIA order and his appeal of the dismissal of his petition for a writ of habeas corpus. In February 2002, this court denied the government's motions to dismiss both Flores's petition for review and his appeal of the dismissal of his habeas petition.

II

These consolidated appeals present two jurisdictional questions: (1) whether this court has jurisdiction to consider the

_____

[3] This decision was later overruled by the U.S. Supreme Court in the light of INS v. St. Cyr, 533 U.S. 289 (2001). See Max-George v. Ashcroft, 533 U.S. 945 (2001).

6

statutory and constitutional claims presented in Flores's petition for direct review of the BIA's final order of removal; and (2) whether the district court has jurisdiction over Flores's § 2241 petition seeking habeas relief from the same BIA order.

With respect to each of these questions the parties have taken somewhat inverted or counter-intuitive positions. Although Flores originally petitioned this court for direct review of the BIA's final order of removal, Flores now concedes that this court lacks jurisdiction to consider his petition for direct review because he has been convicted of a controlled substance offense. See 8 U.S.C. § 1252(a)(2)(C). Flores, therefore, argues that his petition for direct review must be dismissed for lack of jurisdiction. Flores further argues, however, that, under INS v. St. Cyr, the district court does have jurisdiction to consider the statutory and constitutional claims presented in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and that it, therefore, erred when it dismissed his habeas petition.

On the other hand, the government, which previously moved to dismiss both the petition for review and the habeas appeal, argues now that this court retains jurisdiction to determine the scope of its own jurisdiction and to consider any jurisdictional facts and issues raised by the petition for review, notwithstanding the jurisdiction-stripping provisions of § 1252. The government further argues that the statutory and constitutional claims presented by Flores's petition for review are all jurisdictional in

nature because the claims relate to the lawful application of the jurisdiction-stripping provisions of § 1252. The government, therefore, urges us to address and decide in the petition for review what it considers to be Flores's meritless statutory and constitutional claims and then dismiss those claims and Flores's petition for review for lack of jurisdiction. Finally, the government argues that, even though the district court erroneously ruled that it did not have jurisdiction over Flores's habeas petition, we should affirm the district court's dismissal of Flores's habeas petition because Flores would have obtained adequate judicial review of his statutory and constitutional claims via his petition for direct review.[4]

We consider each jurisdictional question presented in turn.

A.   This Court's Jurisdiction to Consider Flores's Petition
     for Review of the Order of the BIA

In most cases, an alien may seek direct judicial review of a final order of removal issued by the BIA via a petition for review filed with this court. See 8 U.S.C. § 1252(a)(1) and (b). However, this court's jurisdiction to review a final order of removal is restricted by § 1252(a)(2), which provides, in part, that: "[n]otwithstanding any other provision of law, no court shall

_____

[4]   The government appears to take this position in order to limit the circumstances under which a § 2241 habeas proceeding may be appropriate, streamline the alien removal process, and avoid possible constitutional concerns that could be associated with the deprivation of judicial review. See Calcano-Martinez v. I.N.S., 533 U.S. 348, 350 n.2 (2001).

8

have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" covered in various sections and subsections of Title 8, including  8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony) and (B)(i) (controlled substance offense).  See 8 U.S.C. § 1252(a)(2)(C).

As we have earlier noted, the government now argues that, notwithstanding § 1252(a)(2)(C), this court retains jurisdiction to determine the scope of its own jurisdiction, and, therefore, to consider any arguments raised in a petition for review challenging the factual and legal determinations thought to trigger the jurisdiction-stripping provisions.  In this case, the government argues that Flores's statutory and constitutional claims all fall within our jurisdiction to determine our jurisdiction because the claims challenge the factual determination that Flores is removable as an aggravated felon and, therefore, by implication, the lawful application of the jurisdiction-stripping provisions of § 1252.  Specifically, the government argues that this court retains jurisdiction to determine whether Flores is (1) an alien (2) who is removable (3) by reason of having committed an aggravated felony or a controlled substance offense.  The government also argues that, notwithstanding § 1252(a)(2)(C), this court retains jurisdiction to consider whether § 1252's jurisdiction stripping provisions are being interpreted and applied in Flores's case constitutionally and to consider other "substantial" constitutional claims that Flores

9

might raise. Cf. Calcano-Martinez, 533 U.S. at 350 n.2 (declining to address an identical concession made by the government in that case because the concession was not relevant to the Court's disposition of the petitions under review). Consequently, the government urges us to decide the merits of Flores's statutory and constitutional claims raised in his petition for review, to find those claims to be meritless, and to dismiss his petition for review for lack of jurisdiction on that basis and on the basis of his controlled substance offenses.

The government is certainly correct as a matter of law when it states that this court has jurisdiction to review jurisdictional facts and determine the proper scope of its own jurisdiction. See, e.g., Balogun v. Ashcroft, 270 F.3d 274, 278 (5th Cir. 2001). However, with respect to this petition for review, our inquiry into the scope of our jurisdiction must begin and end with the undisputed facts that Flores is an alien who is removable by reason of his two marijuana convictions in 1991 and 1996. These additional and uncontested convictions for controlled substances offenses independently trigger § 1252's jurisdiction-stripping provisions and render consideration of the merits of Flores's constitutional and statutory claims, which arise in connection with Flores's 1972 burglary, unnecessary and irrelevant – that is, moot – for the purposes of determining the scope of our jurisdiction to review this removal order of the BIA. See 8 U.S.C. § 1252(a)(2)(C). Even if, as the government argues, Flores's

10

statutory and constitutional claims regarding his status as a removable aggravated felon may be questions that fall within our jurisdiction to determine our jurisdiction, the undisputed facts of Flores's removability based on his controlled substance offenses makes the ultimate answer to any § 1252(a)(2)(C) jurisdictional inquiry completely clear and final with respect to this particular petition for review. Although the order of removal cites two bases for removal – i.e., Flores's 1991 and 1996 marijuana convictions and Flores's 1972 burglary conviction – there is only one "order" to be reviewed. Once we determine that the order of removal before us is based independently on Flores's controlled substance offenses covered by 8 U.S.C. § 1227(a)(2)(B), the jurisdiction-stripping provisions of § 1252 clearly apply, and it does not matter for the purposes of determining the scope of our jurisdiction under § 1252(a)(2)(C) that the order of removal is also based on an aggravated felony conviction that Flores argues is not actually covered by 8 U.S.C. § 1227(a)(2)(A)(iii). We therefore dismiss Flores's petition for review without any further consideration of Flores's criminal status or removability and without any consideration of the constitutional claims that the government urges us to address.[5]

---

[5] In dicta in Balogun, a panel of this court stated that the court could consider a petition for review of a final order of removal to determine whether § 1252's jurisdiction-stripping provisions are being applied constitutionally and to consider other "substantial constitutional claims." See Balogun, 270 F.3d at 278 n.11 (citing Fifth Circuit cases decided prior to INS v. St. Cyr).

11

B.   The District Court's Jurisdiction to Consider Flores's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

The appeal of the district court's dismissal of Flores's habeas petition for lack of jurisdiction is another matter altogether.

We review a district court's determination of its jurisdiction de novo. Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). In this case, the district court dismissed Flores's habeas petition based on this court's decision in Max-George v. Reno, 205 F.3d 194 (2000). At the time, the district court's decision to dismiss the habeas petition was clearly correct according to the law of this circuit. In Max-George, this court held that § 1252's

Other circuits, however, have concluded that a petitioner may not raise nonjurisdiction-related constitutional or statutory challenges in a petition for direct review that is subject to § 1252's jurisdiction-stripping provisions. See Bosede v. Ashcroft, 309 F.3d 441, (7th Cir. 2002)(stating that, after INS v. St. Cyr, it is clear that an alien may not raise constitutional or statutory claims that are not related to the jurisdiction-stripping provisions of § 1252 in a petition for direct review but that such claims may be raised via a habeas petition). The Supreme Court has noted, but not decided, this issue about the precise scope of § 1252's jurisdiction-stripping provisions and our jurisdiction to determine our jurisdiction. See Calcano-Martinez, 533 U.S. at 350 n.11.

Because Flores's status as a controlled substance offender independently triggers § 1252's jurisdictional bar for this particular BIA order of removal, we express no view about whether this court's authority to determine its own jurisdiction might allow us consider a petition for review and decide constitutional claims that are essentially separate and distinct from the question of the scope of our own jurisdiction.

12

jurisdiction-stripping provisions eliminate § 2241 habeas jurisdiction for aliens who are removable by reason of having committed a criminal offense covered by the various sections and subsections of Title 8 cited in 8 U.S.C. § 1252(a)(2)(C).  However, after the district court dismissed Flores's § 2241 petition, the Supreme Court decided INS v. St. Cyr, and, in the light of that decision, the Court subsequently vacated and remanded our decision in Max-George.  See Max-George v. Ashcroft, 533 U.S. 945 (2001).  In St. Cyr, the Supreme Court expressly held that § 1252's jurisdiction-stripping provisions do not deprive the federal courts of jurisdiction to entertain a petition for a writ of habeas corpus.  See St. Cyr, 533 U.S. at 312-13.  See also Cano-Miranda v. Ashcroft, 262 F.3d 477 (5th Cir. 2001)(vacating dismissal of habeas petition in light of St. Cyr and remanding for further proceedings).  Thus, although the district court correctly followed the law of this circuit at the time of its decision, after St. Cyr, we must reverse the district court's dismissal of Flores's habeas petition for lack of jurisdiction.[6]

---

[6]    Flores's habeas petition challenging his removability as an aggravated felon does not appear to us to be moot, despite the fact that Flores clearly is also removable on the independent basis of his controlled substance offenses.  If Flores succeeds in persuading the district court that habeas relief should be granted because he is not removable on account of his aggravated felony conviction – a question about which we express no view at this time – then Flores would appear to be eligible to apply for discretionary relief from removal based on his controlled substances offenses pursuant to 8 U.S.C. § 1229b, noted above, which allows certain permanent residents to request cancellation of removal.

13

Because there is no dispute that the BIA order before us correctly found Flores to be an alien removable based on two controlled substance offenses, we must dismiss Flores's petition for review for lack of jurisdiction without further consideration of his removability based on his 1972 burglary conviction and without further consideration of the statutory and constitutional issues, raised by Flores in his petition for review, that are related to his removability based on that burglary conviction. See 8 U.S.C. § 1252(a)(2)(C). Accordingly, we DISMISS Flores's petition for review for lack of jurisdiction. We also VACATE the district court's dismissal of Flores's habeas petition and REMAND Flores's habeas case for further proceedings not inconsistent with this opinion.[7]

---

[7] Flores also asks this court to declare that he was eligible to apply for a waiver of removal under former 8 U.S.C. § 1182(c), an old provision which provided for discretionary relief from deportation, and to reverse and remand his habeas petition with instructions to the district court to order the government to consider Flores's request for relief under former § 1182(c). Although former § 1182(c) was repealed in 1996, the Supreme Court has held that the discretionary relief under that provision remains available for certain aliens who would have been eligible for § 1182(c) relief at the time of conviction under the law then in effect. See St. Cyr, 533 U.S. at 326. However, we need not consider whether Flores was eligible for relief under former § 1182(c). Flores did not apply for such a waiver in proceedings before the INS, and he did not raise the issue of his eligibility to apply for such a waiver in his habeas petition in the district court. It is the well established that this court ordinarily does not consider issues raised by the appellant for the first time on appeal. See Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir. 1999); United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990).

PETITION FOR REVIEW DISMISSED;

JUDGMENT VACATED AND REMANDED.