United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-61092
Summary Calendar

_____

ELIZABETH CROSBY-VARGAS,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A42-340-269)
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner Elizabeth Crosby-Vargas (Crosby), a native and
citizen of Mexico, seeks our review of the Board of Immigration
Appeals's (BIA) affirmance of the Immigration Judge's (IJ) denial
of her application for discretionary waiver of removal under former
§ 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C.
§ 1182(c)(1994).  She argues that the IJ denied her due process at
the hearing on her application by assuming the role of prosecutor
in cross-examining her.  She further asserts that she was denied

---

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due process in her appeal to the BIA by the BIA's failure to make required findings of fact and conclusions of law when it affirmed the IJ's decision.

As the parties agree, the transitional rules of the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA) apply here because Crosby's removal proceeding began before April 1, 1997, and concluded more than 30 days after September 30, 1996. See Goonsuwan v. Ashcroft, 252 F.3d 383, 386 (5th Cir. 2001); IIRIRA § 309(a), (c)(1). Section 106(c) (codified at 8 U.S.C. § 1105(a)(c)(1994)) of the INA, which the transitional rules incorporate, requires an alien to exhaust his administrative remedies; and his failure to do so serves as a jurisdictional bar to our consideration of the issue. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001); Goonsuwan, 252 F.3d at 386-87. Because in her BIA appeal Crosby failed to raise her due process challenge to the IJ's cross-examination, we lack jurisdiction to consider this issue. See Anwar v. INS, 116 F.3d 140, 144 n.4 (5th Cir. 1997); cf. Calderon-Ontiveros v. INS, 809 F.2d 1050, 1051-52 (5th Cir. 1986).

As the Attorney General points out, there are also jurisdictional obstacles to our review of Crosby's claim that she was denied due process in her BIA appeal. Under Lerma de Garcia v. INS, 141 F.3d 215, 216-17 (5th Cir. 1998), we lack jurisdiction over Crosby's claim. In light of the Supreme Court's statement in Calcano-Martinez v. INS, 533 U.S. 348, 349 n.2 (2001), that

2

constitutional concerns must be considered in determining the scope of IIRIRA's jurisdiction-stripping provisions, however, we recently left open the question whether our jurisdiction would extend to substantial constitutional claims. Flores-Garza v. INS, 328 F.3d 797, 803 n.5 (5th Cir. 2003). Nevertheless, because Crosby cannot prevail regardless of whether we have jurisdiction, we do not address this question. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

Contrary to Crosby's contention, the regulation used by the BIA to affirm the IJ's decision, 8 C.F.R. § 3.1(e)(4), now found at 8 C.F.R. § 1003.1(e)(4), does not require — indeed, specifically prohibits — the BIA from including any further explanation or reasoning when affirming the decision of the IJ without opinion. To the extent that Crosby is contending that due process required the BIA to make specific findings of fact and conclusions of law in affirming the IJ's decision, her argument is foreclosed by our decision in Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

For the foregoing reasons, Crosby's petition for review is DISMISSED IN PART FOR LACK OF JURISDICTION AND DENIED IN PART.