United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60323
_____

JIGNESHKUMAR NATVARLA PATEL

Petitioner

v.

JOHN ASHCROFT, U S ATTORNEY GENERAL

Respondent

_____

Petitions for Review of Orders of the
Board of Immigration Appeals
No. A45 788 587

_____

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA,
Circuit Judges.

PER CURIAM:*

Jingeshkumar Patel petitions for review of the Board of

Immigration Appeals's (BIA's) order affirming the Immigration

Judge's (IJ's) determination that he is a removable alien and for

review of the BIA's denial of his motion to reopen.  For the

following reasons, we DISMISS the petitions for review.

**I. BACKGROUND**

Patel, a citizen of India, entered the United States as a

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

conditional permanent resident on February 18, 1997.  Patel's

conditional resident status was based on his April 28, 1996

arranged marriage to Sonal K. Patel (Sonal),[1] a U.S. citizen.

See 8 U.S.C. § 1186a(a)(1) (2000).  Patel claims that he and his

wife were unable to reconcile their cultural differences

regarding their marriage and thus, on January 4, 1998, less than

a year after he joined his wife in the United States, the couple

divorced.

On November 17, 1998, Patel filed a petition to remove the

condition on his permanent resident status.  Although he was no

longer married to Sonal, he requested a waiver based on his

assertion that he entered into the marriage in good faith.  See

id. § 1186a(c)(4)(B).  The Immigration and Naturalization Service

(INS) denied Patel's waiver application, terminated his

conditional resident status, and initiated removal proceedings by

serving him with a Notice to Appear on July 24, 1999.  In the

notice, the INS charged Patel as removable under 8 U.S.C.

§ 1227(a)(1)(D)(i), as an alien whose conditional status has been

terminated, and under 8 U.S.C. § 1227(a)(1)(G) (2000), as an

alien who procured a visa by marriage fraud.

Before the IJ, Patel conceded that he entered the country as

a conditional resident by virtue of his marriage to Sonal and

---

[1]    The government identifies Patel's wife as Sonal
Kantibhai; however, because she is listed as either Sonal Patel
or Sonelle Patel throughout the administrative record, we refer
to her as Sonal Patel.

that this marriage had been judicially terminated. After reviewing the evidence in the record, the IJ concluded that Patel had failed to carry his burden of proving that he entered his marriage in good faith, either to obtain a good-faith marriage waiver or to disprove the INS's allegation that he obtained his visa by marriage fraud. Accordingly, the IJ held that Patel was removable under §§ 1227(a)(1)(D)(i) and 1227(a)(1)(G) and granted Patel a 60-day period of voluntary departure.

Patel appealed this decision to the BIA, claiming that the IJ erred by not requiring the INS to prove, by clear and convincing evidence, that Patel married Sonal with the sole purpose of evading the immigration laws. Patel further argued that he had shown, by a preponderance of the evidence, that he married Sonal in good faith. On March 20, 2003, the BIA summarily affirmed the IJ's decision and ordered that Patel voluntarily depart the United States within thirty days. Patel petitioned this court for review of the BIA's decision.

Patel also filed a motion to reopen and to reconsider with the BIA, claiming that his counsel had been ineffective during the IJ hearing and requesting an extension of his voluntary departure during the pendency of the motion. Without addressing Patel's request for an extension of his voluntary departure, the BIA denied Patel's motion to reopen after concluding that Patel had not demonstrated that his counsel's conduct had been so egregious as to render the proceedings unfair. Patel

subsequently petitioned this court for review of the BIA's decision denying his motion to reopen, and the case was consolidated with his petition for review of the BIA's decision in his direct appeal.

## II. DISCUSSION

A.   BIA's Final Order of Removal

In his petition for review of the BIA's March 20, 2003 order, Patel first argues that his removal proceedings were rendered fundamentally unfair because the IJ did not require the government to establish his removability by clear and convincing evidence before placing the burden on Patel to demonstrate his eligibility for a waiver of that removability.  We review questions of law, including the application of burdens of proof, de novo.  See Mikhael v. INS, 115 F.3d 299, 305 (5th Cir. 1997).  Although generally "[w]e have authority to review only an order of the BIA, not the IJ," id at 302, when, as here, the BIA summarily affirms an IJ's decision, the latter decision forms the basis of this court's review, see Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003).  "[T]his Court must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings."  Id. at 418.

Although not raised by the parties, we must, as an initial

4

matter, determine whether we have jurisdiction to review the BIA's order of removability. See <u>Ojeda-Terrazas v. Ashcroft</u>, 290 F.3d 292, 294 & n.4 (5th Cir. 2002); <u>Goonsuwan v. Ashcroft</u>, 252 F.3d 383, 385 (5th Cir. 2001). In general, this court may review final orders of removal under 8 U.S.C. § 1252(a)(1) (2000); however, § 1252(a)(2)(B)(ii)[2] bars us from asserting jurisdiction over "any . . . decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General." In its order, the BIA affirmed the IJ's decision that Patel was deportable both under § 1227(a)(1)(D)(i), for termination of his conditional resident status, and under § 1227(a)(1)(G), for marriage fraud. Before the IJ, Patel asserted that he should have been granted a waiver of his removability under § 1227(a)(1)(D)(i) because he entered into his marriage in good faith. See § 1186a(c)(4)(B). The decision whether to grant this waiver is, however, committed by statute solely to the discretion of the Attorney General. See <u>Assaad</u>, No. 03-60201, manuscript at 6-7 (citing <u>Urena-Tavarez v. Ashcroft</u>, 367 F.3d 154, 160 (3d Cir. 2004)). Therefore, the jurisdictional bar in § 1252(a)(2)(B)(ii), by its terms, bars

_____

[2] Section 1252(a)(2)(B)(ii) is part of the permanent jurisdictional rules enacted by Congress in § 306(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), <u>see</u> Pub. L. No. 104-208, 110 Stat. 3009-546, -607 to -612. These rules apply to Patel's petitions for review because the INS initiated his removal proceedings after April 1, 1997. <u>See</u> <u>Assaad v. Ashcroft</u>, No. 03-60201, manuscript at 4 n.1 (5th Cir. July 19, 2004).

5

federal court review of the BIA's final order of removability.[3]

Our determination that § 1252(a)(2)(B)(ii) applies to the BIA's March 20, 2003 order does not conclusively resolve the question of our jurisdiction, however.  Notwithstanding this provision, we may review the BIA's decision if Patel's petition presents a "substantial constitutional claim[]."  See Balogun v. Ashcroft, 270 F.3d 274, 278 n.11 (5th Cir. 2001).  In arguing that the IJ's allocation of the burden of proof rendered his proceedings fundamentally unfair, Patel essentially argues that his claim arises under the Due Process Clause of the Fifth Amendment.  See Animashaun v. INS, 990 F.2d 234, 238 (5th Cir. 1993) ("[T]he IJ must conduct deportation hearings in accord with due process standards of fundamental fairness.").

Patel is correct that the government generally bears "the

---

[3]     We note that the Ninth Circuit has recently held that § 1252(a)(2)(B)(ii) does not bar federal court jurisdiction over an alien's appeal from a BIA order finding him deportable under § 1227(a)(1)(G) for marriage fraud.  See Nakamoto v. Ashcroft, 363 F.3d 874, 878 (9th Cir. 2004).  Nakamoto thus appears to support Patel's contention that we may review the marriage-fraud aspects of the BIA's order.  But, our precedents indicate that, where an "order of removal cites two [independent] bases for removal" and "the jurisdiction-stripping provisions of § 1252 clearly apply" to one of these bases, then "it does not matter for the purposes of determining the scope of our jurisdiction under [§ 1252] that the order of removal is also based on" a ground not covered by § 1252's jurisdictional bars.  Flores-Garza v. INS, 328 F.3d 797, 802 (5th Cir. 2003).  Instead, in these situations, we must dismiss the petition for review based on our lack of jurisdiction to review the first independent ground of removability; here, the determination that Patel is not entitled to a discretionary good-faith marriage waiver of his conceded removability under § 1227(a)(1)(D)(i).  Id.

6

burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable."  8 U.S.C. § 1229a(c)(3)(A) (2000). Here, Patel was deemed removable both as an alien whose conditional resident status has been terminated, see id. § 1227(a)(1)(D)(i), and as an alien who procured a visa by marriage fraud, see id. § 1227(a)(1)(G).  The first of these provisions makes deportable an alien who has obtained "permanent resident status on a conditional basis under section 1186a . . . [and] has had such status terminated," id. § 1227(a)(1)(D)(i); however, a second statute provides that "[t]he Attorney General . . . may remove the conditional basis of the permanent resident status for an alien [whose qualifying marriage has been terminated] if the alien demonstrates that-- . . . the qualifying marriage was entered into in good faith by the alien spouse." Id. § 1186(a)(c)(4)(B) (emphasis added).  Similarly, under the marriage fraud provision,

> An alien shall be considered to be deportable as having procured a visa . . . by fraud . . . if--
>
> (i) the alien obtains any admission into the United States with an immigrant visa or other documentation procured on the basis of a marriage entered into less than 2 years prior to such admission of the alien and which, within 2 years subsequent to any admission of the alien in the United States, shall be judicially annulled or terminated, unless the alien establishes to the satisfaction of the Attorney General that such marriage was not contracted for the purpose of evading any provisions of the immigration laws . . . .

Id. § 1227(a)(1)(G) (emphasis added).  Thus, the analysis

7

required under each removability provision proceeds in two steps: first, the government must prove by clear and convincing evidence the prerequisite facts for finding the alien deportable (either because his conditional resident status has been terminated or for marriage fraud), then, the alien bears the burden of proving his eligibility for relief from removability (i.e., that he nevertheless entered into his marriage in good faith or that he did not marry for the purpose of evading immigration laws).

Although the IJ did not explicitly state that the government met its initial burden under either provision, the IJ's implicit finding that Patel was deportable was supported by substantial evidence. Before the IJ, Patel admitted the facts that form the basis of his deportability under each section. Specifically, Patel admitted (1) that he entered the United States on a conditional basis in February 1997, (2) that his conditional status was based on his marriage to a U.S. citizen, and (3) that this marriage was judicially terminated in January 1998. These admissions demonstrate both that Patel was subject to termination of his conditional resident status, see id. § 1186a(b)(2) (explaining that such status will be terminated if the INS can prove by a preponderance of the evidence that the alien's marriage was judicially terminated for a reason other than death within two years of the grant of conditional resident status), and that Patel was prima facie eligible for deportability as an alien who obtained a visa by marriage fraud, see id.

8

§ 1227(a)(1)(G). Therefore, based on these admissions, it was proper for the IJ to shift the burden of proof to Patel to demonstrate either his eligibility for a good-faith marriage waiver under § 1186a(c)(4)(B) or that his marriage was not fraudulent. Accordingly, we hold that Patel's argument regarding the IJ's allocation of the burden of proof does not present a substantial constitutional claim.

Patel also contends that the IJ violated his substantive due process rights by not informing him that he was eligible for a waiver of removability, under 8 U.S.C. § 1227(a)(1)(H), based on hardship to his qualifying relatives: his second (and current) U.S. citizen wife and the couple's three children. See 8 C.F.R. § 240.11(a)(2) (1999) (requiring the IJ to inform an alien of his apparent eligibility for any form of relief from removal). The government responds that, even if the IJ should have informed Patel of his eligibility for this relief, we lack jurisdiction over this claim because it was not fully exhausted. We agree. Patel did not claim either in his direct appeal to the BIA or in his motion to reopen that the IJ erred by not advising him of all available forms of relief.[4] See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue

---

[4] In his motion to reopen Patel did argue, however, that his counsel had been ineffective for failing to advise him that he was eligible for the hardship waiver.

9

is not raised in the first instance before the BIA--either on direct appeal or in a motion to reopen."). Therefore, 8 U.S.C. § 1252(d)(1), which precludes judicial review when an alien has not "exhausted all administrative remedies available to the alien as of right," bars our jurisdiction over this claim.

B.   <u>BIA's Denial of Patel's Motion to Reopen</u>

In his second petition for review, Patel argues that the BIA erred in denying his motion to reopen based on the ineffective assistance of his counsel. Patel claims that his counsel, who represented him before the IJ, was ineffective in at least three ways: (1) by failing to explain to the IJ the cultural context of his arranged marriage to Sonal, (2) by failing to object to the IJ's improper allocation of the burden of proof, and (3) by failing to advise Patel of his eligibility for a waiver of his deportability under § 1227(a)(1)(H) based on his second marriage to a U.S. citizen and the births of his three U.S. citizen children. <u>See</u> § 1227(a)(1)(H) (waiving certain grounds of removability on the basis of an alien's marriage to a U.S. citizen).

Once again, we must, as an initial matter, determine whether we have jurisdiction to review the BIA's order denying Patel's motion to reopen. As we recently explained in <u>Assaad</u>, No. 03-60201, manuscript at 5-7, we lack jurisdiction to review the BIA's denial of an alien's motion to reopen under 8 U.S.C. § 1252(a)(2)(B)(ii) if the underlying relief sought by the alien

10

was committed to the BIA's discretion.

We have already determined that we lack jurisdiction to review the BIA's decision that Patel should not be granted a good-faith marriage waiver of his removability. Just as § 1252(a)(2)(B)(ii) barred our review of the BIA's final order denying this form of relief, so does it bar our jurisdiction over the BIA's denial of Patel's motion to reopen. Patel also argued, however, in his motion to reopen, that he was eligible for a waiver of his removability under § 1227(a)(1)(D)(i) because of his current marriage to U.S. citizen and the birth of his three U.S. citizen children. See § 1227(a)(1)(H). Yet, the decision whether to grant this waiver is also committed by statute solely to the discretion of the Attorney General. See id. (stating that the removability of an alien under the provisions of § 1227(a)(1) "may, in the discretion of the Attorney General, be waived for any alien" who meets certain specified criteria); see also San Pedro v. Ashcroft, No. 02-74367, 2004 WL 1396286, at *1 (9th Cir. June 23, 2004). Therefore, because the underlying relief sought by Patel was committed to the Attorney General's discretion, § 1252(a)(2)(B)(ii) precludes judicial review of the BIA's order denying Patel's motion to reopen.

Nevertheless, as we clarified above, we may review the motion to reopen if Patel's contention that his counsel was ineffective presents a substantial constitutional claim. Patel argues that his motion satisfies this test because his counsel's

11

alleged ineffectiveness rendered his immigration proceedings fundamentally unfair, violating his Fifth Amendment right to due process of law.  This argument is legally untenable.  The alleged ineffectiveness of Patel's counsel denied him, at most, the chance to receive either of the two discretionary waivers of his removability under § 1227(a)(1)(D)(i).  Accordingly, because an alien does not have a protected liberty interest in obtaining a discretionary waiver of his removability, we hold that Patel did not raise a substantial constitutional claim in his motion to reopen.  See Assaad, No. 03-60201, manuscript at 8-9.[5]

Lastly, Patel contends that the BIA's refusal to grant or even to address his request for an extension of his voluntary departure in his motion to reopen violated his due process rights.  Once again, the jurisdiction-stripping provisions of § 1252 deny this court the authority to review this claim, see § 1252(a)(2)(B)(i) (stating that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review--any judgment regarding the granting of relief under section . . .

---

[5]    We note the possibility, raised by Patel, that his attorney's performance effectively denied him the opportunity to refute the government's contention that he was deportable for engaging in marriage fraud.  Although the BIA's conclusion that Patel had committed marriage fraud may not have been purely discretionary, see supra note 2, this does not affect our conclusion that we lack jurisdiction over Patel's petition for review.  Regardless of whether Patel was deportable for committing marriage fraud, the BIA independently held that he was deportable under § 1227(a)(1)(D)(i), and the only relief Patel sought from this order was purely discretionary in nature.

12

1229c of this title," which governs voluntary departure), unless Patel's petition presents a substantial constitutional claim.

Patel's contention that the BIA's refusal to extend his term of voluntary departure was constitutionally impermissible is based on a hypothetical sequence of events that has not come to pass. He argues that, because his period of voluntary departure expired before we heard oral argument on his petition for review, if this court decides that Patel's counsel was constitutionally defective and remands the case to the BIA, the BIA could then claim that it no longer has jurisdiction over the motion to reopen because Patel would have left the country. See 8 C.F.R. § 1003.4 (2004) (equating departure from the country with withdrawing an appeal). Patel thus argues that the BIA's refusal to extend his voluntary departure effectively will have deprived him of judicial review of his ineffective-assistance-of-counsel claim. Yet, we have held that Patel's attorney's performance did not violate his Fifth Amendment rights, and his attorney has also informed us, at oral argument, that Patel has not yet left the country. Therefore, Patel's voluntary-departure argument does not present a substantial constitutional claim.

### III. CONCLUSION

For the foregoing reasons, we DISMISS Patel's petitions for review.

13