United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-60467
Summary Calendar
_____

RAYMOND NAZIEN,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A18-800-891
-----------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Raymond Nazien, a native of Haiti, petitions for review of the decision of the Board of

Immigration Appeals (BIA) finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C.

§ 1101(a)(43)(B). Nazien also seeks review of the BIA's denial of his motion to remand for

consideration of new evidence to support his claim that he is a citizen of the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court does not have jurisdiction to review a final order of removal of an alien who is removable for being convicted of certain criminal offenses. See 8 U.S.C. § 1252(a)(2)(C). This court does have "jurisdiction to review jurisdictional facts and determine the proper scope of its own jurisdiction." Flores-Garza v. INS, 328 F.3d 797, 802 (5th Cir. 2003).

Nazien does not challenge the BIA's determination that he is removable for being convicted of a criminal offense. Nazien argues that the BIA erred in finding that he was not a citizen under 8 U.S.C. § 1433. As the BIA found, the record contains no evidence that Nazien's father filed an application seeking to make Nazien a citizen after Nazien's father was naturalized in 1973. There is no substantial issue of fact that, if resolved in his favor, would show that Nazien is not an alien. See 8 U.S.C. § 1252(b)(5). Accordingly, this court is without jurisdiction to review the BIA's order. See Balogun v. Ashcroft, 270 F.3d 274, 277-78 (5th Cir. 2001).

Nazien argues for the first time on appeal that he is a "national" of the Unites States because his parents intended that he become a citizen. Nazien's failure to raise this claim before the BIA deprives this court of jurisdiction over the issue. 8 U.S.C. § 1252(d)(1); Wang v. Ashcroft, 260 F.3d 448, 452- 453 (5th Cir. 2001).

Nazien's petition for review is DISMISSED for lack of jurisdiction.