United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20611
Summary Calendar

OWUSU YAW

Petitioner - Appellant

v.

HIPOLITO M ACOSTA

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-558
--------------------

Before KING, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Owusu Yaw (Yaw), a native and citizen of Ghana who is subject to a final order of removal issued in 2003, appeals the district court's dismissal of his 28 U.S.C. § 2241 application for a writ of habeas corpus challenging the denial of due process during his removal proceedings and his mandatory detention under 8 U.S.C. § 1226(c).

Although the district court did not address Yaw's due process and mandatory detention claims, we nevertheless affirm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's dismissal of Yaw's 28 U.S.C. § 2241 application. See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981). Yaw failed to make an initial showing of substantial prejudice as to his due process claim. See Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997). Further, because Yaw was not detained under 8 U.S.C. § 1226(c) when he filed the instant 28 U.S.C. § 2241 application, he lacked Article III standing to challenge his detention under 8 U.S.C. § 1226(c). See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Finally, because Yaw did not challenge his post-removal detention under 8 U.S.C. § 1231(a) in the district court, this court need not consider it. See Flores-Garza v. INS, 328 F.3d 797, 804 n.7 (5th Cir. 2003).

Accordingly, the district court's judgment is AFFIRMED.