# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-60279
Summary Calendar

RAE CURTIS CHARLES,
Also Known as Ray Charles,

Petitioner,

v.

MICHAEL B. MUKASEY,
U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A31 229 974

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rae Charles, a native and citizen of Trinidad and Tobago, petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's finding of removability and denial of his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). The BIA determined that Charles's convictions of unlawful possession of marihuana in violation of N.Y. PENAL LAW § 221.05 (McKinney 2003) and endangering the welfare of a child in violation of N.Y. PENAL LAW § 260.10 (McKinney 2003) are aggravated felony convictions for which Charles is removable pursuant 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA concluded that Charles's convictions of unlawful possession of marihuana and the criminal sale of marihuana in the fourth degree in violation of N.Y. PENAL LAW § 221.40 (McKinney 1988) are controlled substance offenses for which he is removable pursuant to § 1227-(a)(2)(B)(i). The BIA further determined that Charles's conviction of endangering the welfare of a child is a crime of domestic violence, stalking, or child abuse, neglect, or abandonment for which he is removable pursuant to § 1227(a)(2)-(E)(i).

Charles argues that the BIA erred by finding that his convictions of possession of marihuana and endangering the welfare of a child are aggravated felony offenses. As amended by the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(C) and (D) generally prohibits judicial review of a final order of removal against an alien who is removable by reason of having committed a criminal offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II), including a controlled substance offense, or an aggravated felony under § 1227(a)(2)(A)(iii), except as to "constitutional claims or questions of law." § 1252(a)(2)(C), (D).

This court ordinarily would retain jurisdiction to review Charles's petition, because the question whether his conviction is an aggravated felony is a question of law. See Rodriguez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005); § 1252(a)(2)(C), (D). But, his failure to challenge the BIA's finding of removability based on his controlled substance convictions "independently triggers" the

jurisdiction-stripping provision of § 1252 and deprives us of jurisdiction to review the petition for review. See § 1252(a)(2)(C), (D); Flores-Garza v. INS, 328 F.3d 797, 802-03 (5th Cir. 2003). We thus need not consider the merits of Charles's challenge to the BIA's finding of removability on the basis of an aggravated felony conviction. See id.

Because Charles also fails to challenge the BIA's denial of his application for withholding of removal and relief under the CAT, he has waived any challenge to the finding of removability on those grounds. See Soadjede v. Ashcroft, 324 F.3d 830, 838 (5th Cir. 2003). The petition for review is DISMISSED.