# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60466
Summary Calendar

PACO ESCAMILLA

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 312 349

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paco Escamilla, a native and citizen of Mexico, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) denying his applications for cancellation of removal pursuant to 8 U.S.C. § 1229b and a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(a). We dismiss the petition for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally review only the BIA's decision except to the extent that the immigration judge's (IJ) decision influences the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We lack jurisdiction to review the denial of Escamilla's requests for relief because he is removable for having committed criminal offenses involving moral turpitude. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1252(a)(2)(C); *Danso v. Gonzales*, 489 F.3d 709, 712. Moveover, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we are statutorily barred from reviewing the BIA's purely discretionary denial of cancellation of removal. *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). To the extent that Escamilla challenges the discretionary denial of his requests for relief, we dismiss his petition for want of jurisdiction.

In addition, because Escamilla conceded to his removability under § 1182(a)(2)(A)(i)(I) and (a)(6)(E)(i), we need not consider his argument that the Government did not prove by clear and convincing evidence that he was also removable pursuant to § 1182(a)(6)(C)(i). *See Flores-Garza v. INS*, 328 F.3d 797, 802-03 (5th Cir. 2003). Escamilla's attempt to confer jurisdiction in this court by claiming that the IJ committed legal error and violated his due process rights by "failing to appropriately exercise discretion and follow the controlling case law" is unavailing. Our review of the record reveals that both the IJ and the BIA undertook a comprehensive and reasoned analysis of Escamilla's case and also appropriately weighed both the positive and negative equities before exercising the discretion to deny relief. We reject Escamilla's attempt to recast what amounts to a disagreement with the weighing and consideration of the relevant factors by the IJ and the BIA as either a constitutional or legal issue. *See Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006); *Assaad v. Ashcroft,* 378 F.3d 471, 475-76 (5th Cir. 2004).

DISMISSED FOR LACK OF JURISDICTION