# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

Lyle W. Cayce
Clerk

No. 12-10607
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN POTTS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-15-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Benjamin Potts appeals the sentence imposed for the revocation of his supervised release. He was sentenced to two consecutive terms of 24 months of imprisonment.

Potts contends that the district court failed to give adequate reasons for imposing consecutive revocation sentences. The district court recognized that it had discretion to impose consecutive revocation sentences pursuant to 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3584 and explained its concerns in light of the 18 U.S.C. § 3553(a) factors. Potts "had a hard time staying out of trouble," committed crimes out of aggression and anger, posed a danger to the community, and failed to change "[his] ways in the many years that . . [he] ha[d] been in trouble." Accordingly, the district court concluded that consecutive 24-month sentences were "appropriate" to satisfy the § 3553(a) factors, particularly deterrence and just punishment. Therefore, the district court provided adequate reasons for imposing consecutive revocation sentences. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007); *United States v. Hernandez-Herrera*, 429 F. App'x 382, 389, 390 (5th Cir.), *cert. denied*, 132 S. Ct. 469 (2011).

Next, Potts asserts that the district court "based its sentencing determination on factual findings that were clearly erroneous and without a reasoned basis" and "did not hear the arguments of appellant regarding the consecutive sentences." However, he does not explain which findings were erroneous nor what arguments the district court should have but erroneously failed to consider. These arguments are therefore waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). For the foregoing reasons, Potts has failed to show that his revocation sentence was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011).

Potts also contends that counsel was ineffective for failing to object to the consecutive revocation sentences. To establish ineffective assistance of counsel, Potts must show that counsel performed deficiently and that he was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Potts's claim of ineffective assistance of counsel is derivative of his first claim of error. Therefore, the record is adequately developed to address this claim. *Cf. United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). Since the first claim of error has no merit, even under the ordinary standard of review,

"the requisite deficient performance does not exist." *United States v. Mudekunye*, 646 F.3d 281, 288 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.