# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60665
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2015

Lyle W. Cayce
Clerk

COLLIN ANTHONY CHOO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 033 581

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Collin Anthony Choo, a native and citizen of the Republic of Trinidad and Tobago, petitions this court for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his immigration proceedings based on an ineffective assistance of counsel claim. Choo argues that his removal proceedings should have been reopened because counsel rendered ineffective assistance by failing to establish his eligibility for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cancellation of removal.    Specifically, he contends that his counsel was ineffective for failing to present evidence of his rehabilitation efforts.

The jurisdiction stripping provisions in 8 U.S.C. § 1252(a)(2)(C) provide that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" including controlled substance offenses under 8 U.S.C. § 1182(a)(2). § 1252(a)(2)(C); *Flores-Garza v. I.N.S.*, 328 F.3d 797, 801-02 (5th Cir. 2003). Choo conceded his removability based on his convictions for controlled substance offenses.    Additionally, pursuant to § 1252(a)(2)(B), this court is statutorily barred from reviewing an immigration court's purely discretionary denial of cancellation of removal.    *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).    Moreover, "where a final order of removal is shielded from judicial review by a provision in § 1252(a)(2), so, too, is [the] refusal to reopen that order."    *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (internal quotation marks and citation omitted); *see also Rodriguez v. Ashcroft,* 253 F.3d 797, 799-800 (5th Cir. 2001) (holding that provision which prohibits review of discretionary decisions also precludes review of motion to reopen on the same grounds).    The BIA's original decision denied Choo discretionary relief in the form of cancellation of removal, and the BIA also denied his motion to reopen which sought to challenge the denial of that discretionary relief on the grounds of ineffective assistance of counsel.    Thus, we do not have jurisdiction to review the BIA's discretionary determination that Choo does not qualify for relief from removal under 8 U.S.C. § 1229b(b)(1)(D).

However, § 1252(a)(2)(C) does not preclude "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."    § 1252(a)(2)(D).    Thus, we have "jurisdiction to review constitutional claims and questions of law associated with [a] claim for

No. 14-60665

discretionary relief." *Garcia-Maldonado v. Gonzales,* 491 F.3d 284, 287 (5th Cir. 2007) (citing § 1252(a)(2)(D)).

We have assumed, without deciding, that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment. *See Mai v. Gonzales,* 473 F.3d 162, 165 (5th Cir. 2006); *Assaad,* 378 F.3d at 475-76 and n. 2.  The failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest. *Assaad,* 378 F.3d at 475-76.  "[W]hen there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in pursuit of that relief."  *Gutierrez-Morales v. Homan,* 461 F.3d 605, 609 (5th Cir. 2006). Because Choo's claim of ineffective assistance of counsel relates solely to his eligibility for discretionary relief, his claim does not amount to a due process violation.  *See Assaad,* 378 F.3d at 474-76.  Contrary to Choo's assertion, the BIA did not misapply *Gutierrez-Morales*, which is in accord with *Assaad.*

Choo fails to raise a colorable constitutional claim or question of law; therefore, Choo's petition for review of the denial of his motion to reopen based upon a claim of ineffective assistance of counsel is dismissed for lack of jurisdiction.  *See Assad,* 378 F.3d at 476.

PETITION DISMISSED.