# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2016

Lyle W. Cayce
Clerk

No. 14-60795
Summary Calendar

VIRGINIA BENEDICTA VEGA DE MARCOTE, also known as Virginia Benedicta Quintero, also known as Virginia Benedicta Marcote,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A039 172 353

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Virginia Benedicta Vega de Marcote, a native and citizen of Colombia, challenges the denial of her application for withholding of removal.

Following several Texas state-law drug convictions, Vega was charged with being an alien subject to removal, on the grounds she was convicted of: an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii); an attempt, or

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

conspiracy, to commit an aggravated felony, *id.*; and a violation of a state law regarding federally-controlled substances, *see* 8 U.S.C. § 1227(a)(2)(B)(i). Vega conceded removability pursuant to § 1227(a)(2)(B)(i), but denied she was removable as an aggravated felon under § 1227(a)(2)(A)(iii). Following a hearing, the immigration judge (IJ) sustained the aggravated-felony-removability charge.

Vega subsequently filed an application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT), asserting she would be subject to persecution from guerillas and gangs if forced to return to Colombia. The IJ concluded Vega failed to establish she was entitled to withholding of removal under either the INA or CAT, and the Board of Immigration Appeals affirmed the IJ's decision and dismissed her appeal.

When an alien is removable under §§ 1227(a)(2)(A)(iii) or (a)(2)(B), we generally lack jurisdiction to review a final order of removal. 8 U.S.C. § 1252(a)(2)(C); *e.g.*, *Flores-Garza v. I.N.S.*, 328 F.3d 797, 801 (5th Cir. 2003). Jurisdiction is proper, however, if petitioner presents "constitutional claims or questions of law". 8 U.S.C. § 1252(a)(2)(D).

Vega contends: the evidence, including her credible testimony, establishes she is eligible for withholding of removal under the INA; and the IJ erred in concluding otherwise. Her assertions, however, present nothing more than her disagreement with the IJ's factual findings; therefore, we lack jurisdiction to review the final order of removal. *E.g.*, *Siwe v. Holder*, 742 F.3d 603, 613 (5th Cir. 2014); 8 U.S.C. § 1252(a)(2)(C).

DISMISSED.